**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-23091-RAR**

**RICARDO LUIS VILLASMIL ESPARZA**,

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, *et al.*,

Respondents.
______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Ricardo Luis Villasmil Esparza's Verified Petition for Writ of Habeas Corpus ("Petition"), [ECF No. 1], filed on May 1, 2026. Petitioner alleges that he has been unlawfully committed to detention and seeks that the Court order his immediate release. *See* Pet. ¶¶ 1–2, Prayer for Relief. The Court having reviewed the Petition,[1] the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **DENIED** as set forth herein.

**BACKGROUND**

Petitioner is a native of Venezuela who first entered the United States in June 2021. Pet. ¶¶ 25–26. On or about June 19, 2021, Petitioner was encountered by United States Customs and Border Patrol ("CBP") near Eagle Pass, Texas. Resp. at 2; Decl. of Katya Hernandez, [ECF No. 12-9] ¶ 7. CBP arrested and transported Petitioner for further processing after determining that

---

[1] On May 13, 2026, Respondents filed a Response to Petitioner's Habeas Petition ("Response"), [ECF No. 12]. Petitioner never filed a Reply, and the time to do so has passed. *See* Order to Show Cause and Omnibus Order, [ECF No. 4] at 3 ("Petitioner may, but is not required to, file a reply within seven (7) days after Respondents file their Response to the Petition." (emphasis omitted)). Accordingly, the Petition is fully briefed and ripe for review.

Petitioner was an alien who entered the United States unlawfully. Resp. at 3; Decl. of Katya Hernandez, [ECF No. 12-9] ¶ 7. On June 20, 2021, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") issued and served Petitioner with a Form I-860, Notice and Order of Expedited Removal. Resp. at 3; [ECF No. 12-2]. On July 14, 2021, Petitioner was referred to an Immigration Judge who affirmed the Notice and Order of Expedited Removal on August 5, 2021. Resp. at 3; [ECF No. 12-3]. Petitioner was removed from the United States on October 14, 2021. Resp. at 3; [ECF No. 12-4].

On or about January 30, 2022, Petitioner re-entered the United States and was arrested and taken into custody by CBP. Pet. ¶ 29; Resp. at 3. On January 31, 2022, ERO issued and served a *Rumsfeld*, Notice of Intent/Decision to Reinstate Prior Order, reinstating Petitioner's August 5, 2021 Final Order of Removal. Resp. at 3; [ECF No. 12-6]. Petitioner expressed a fear of returning to his home country and his case was referred to United States Citizenship and Immigration Services ("USCIS") for a reasonable fear interview on February 14, 2022. Decl. of Katya Hernandez, [ECF No. 12-9] ¶ 13. Due to the COVID pandemic, Petitioner was released from custody on an Order of Supervision ("OSUP") on February 17, 2022. Resp. at 3; [ECF No. 12-7].

On April 27, 2026, ERO revoked Petitioner's OSUP for the purpose of effectuating his removal. Resp. at 3; [ECF No. 12-1]. That same day, Petitioner was taken into custody and given an informal interview about the reasons for the OSUP revocation and given an opportunity to ask questions. Pet. ¶ 36; Resp. at 3–4; Decl. of Katya Hernandez, [ECF No. 12-9] ¶ 15; [ECF No. 12-10]. Petitioner is currently detained at the Krome North Processing Center in Miami, Florida. Pet. ¶ 1; Resp. at 4.

On May 1, 2026, Petitioner filed this action requesting the Court (1) "[a]ssume jurisdiction over this matter;" (2) "[d]eclare that Petitioner's ongoing unlawful detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231;" (3) "[i]ssue a Writ of Habeas

Corpus ordering Respondent to release Petitioner from custody within twenty-four hours;" and (4) "[a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act." Pet., Prayer for Relief.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Section 2241 authorizes federal courts to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting "28 U.S.C. § 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Before getting to the Petition's merits, the Court will address one threshold issue—the fact that Petitioner named the wrong Respondents. A writ of habeas corpus should "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. When a petitioner challenges his "present physical confinement," the Supreme Court has held that "the immediate custodian, not the supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Since Petitioner is currently detained at the Krome North Service Processing Center, Respondents contend "[t]he proper respondent in the instant case is . . . Assistant Field Office Director Charles Parra in his official capacity." Response at 1 n.1. In the Eleventh Circuit, "courts may *sua sponte* order substitution for the proper respondent[,] as

'denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute.'" *Mayorga v. Meade*, No. 24-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (quoting *Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014)); *see also Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025). Accordingly, the Court substitutes Charles Parra as the correct Respondent and dismisses the Warden of the Krome North Service Processing Center, the Attorney General of the United States, and U.S. Immigration and Customs Enforcement as improperly named Respondents.

Turning to the merits of the Petition, Petitioner maintains that his detention violates 8 U.S.C. § 1231(a) because Petitioner's "continued detention is beyond the removal period" and "Petitioner has met his burden of establishing that he cannot be removed in the reasonably foreseeable future." Pet. ¶¶ 50–54. Petitioner also maintains that his detention violates the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 44–49. Accordingly, there are two questions before the Court: (1) whether Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) and (2) whether that detention comports with due process.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Petitioner claims that he has been detained longer than the post-removal-period detention statute permits and in violation of his due process rights. Respondent, however, counters that Petitioner has been in custody shorter than necessary to state a claim for unreasonable detention. The Court agrees with Respondent.

In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United

States. It does not permit indefinite detention." 533 U.S. at 689. As this Court has explained, "[t]o avoid reading the statute as violating the Fifth Amendment Due Process Clause and to create uniform standards for evaluating challenges to post-removal-period detention, the Supreme Court held that any detention of six months or less was a 'presumptively reasonable period of detention,' and that 'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Grigorian v. Bondi*, No. 25-22914, 2025 WL 1895479, at *7 (S.D. Fla. July 8, 2025) (quoting *Zadvydas*, 533 U.S. at 701).

Thus, to state a *Zadvydas* claim, a petitioner must show (1) "post-removal order detention in excess of six months" and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner's *Zadvydas* claim is premature. Petitioner's detention does not violate the implicit six-month period read into the post-removal-period detention statute under *Zadvydas*. To begin, the six-month clock measures exclusively the time a petitioner spent in "actual lockup, not supervised freedom." *Gonzalez v. Parra*, No. 26-cv-00532, 2026 WL 1102764, at *2 (M.D. Fla. Apr. 23, 2026) ("Because *Zadvydas* clearly involved *detention* of a petitioner during the presumptively reasonable period, it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody." (quoting *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011))); *see also Akinwale*, 287 F.3d at 1052 ("[T]o state a claim under *Zadvydas* the alien . . . must show post-removal order *detention* in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (emphasis added)).

Accordingly, Petitioner was detained from approximately January 30, 2022 until February 16, 2022, so "Petitioner spent about sixteen (16) days in ICE detention" in 2022. Pet. ¶¶ 30, 47.

Currently, Petitioner has been detained since April 27, 2026, totaling roughly 118 days in custody in 2026. Pet. ¶¶ 1, 36. Therefore, even taken in the aggregate,[2] Petitioner's confinement remains well short of the six-month mark, and he sits squarely within the presumptively reasonable window. *See Guerra-Castro v. Parra*, No. 25-22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"); *Hidalgo v. Warden Fla. Soft S.*, No. 26-cv-01754, 2026 WL 1782082, at *2 (M.D. Fla. June 22, 2026) (holding Petitioner "cannot satisfy the initial temporal requirement" because "he has been detained for less than six months," so "he remains within the window in which his detention is presumptively reasonable"). Accordingly, Petitioner has failed to satisfy the first prong of his *Zadvydas* claim.

Since Petitioner has failed to show that his detention exceeds the presumptively reasonable period, the Court need not determine whether he has satisfied the second prong of *Zadvydas*—the likelihood of his removal in the foreseeable future. *Flores-Reyes,* 2026 WL 406708, at *3 n.1;

---

[2] District courts are split on whether prior time in ICE custody should be aggregated to satisfy the six-month *Zadvydas* clock. Some have firmly rejected this cumulative approach. They reason that if "detentions [are counted] in the aggregate, any subsequent period of detention, even one day, would raise constitutional concerns." *Barrios v. Ripa*, No. 25-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025). A cumulative approach therefore would require the judicial branch to opine on the constitutionality of subsequent detention periods, which would "obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Id.* (citing 8 U.S.C. § 1252(g)); *see also Flores-Reyes v. Assistant Field Off. Dir.,* No. 26-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026); *Gonzalez*, 2026 WL 1102764, at *3; *Meskini v. Att'y Gen. of U.S.*, No. 14-cv-00042, 2018 WL 1321576, at *3 (M.D. Ga. Mar. 14, 2018) (noting that *Zadvydas* is not a "'Get Out of Jail Free Card' that may be redeemed at any time just because an alien was detained too long in the past." (internal quotation marks omitted)).

Conversely, other courts have treated the *Zadvydas* period as cumulative. *Dulovi v. Mordant*, No. 26-cv-00643, 2026 WL 787645, at *1 (M.D. Fla. Mar. 20, 2026) ("[Permitting] the six-month presumptively reasonable period of detention [to] reset[] each time a noncitizen is detained [is] inconsistent with *Zadvydas.*"). This approach is driven by the constitutional imperative to prevent the government from indefinitely detaining noncitizens through a loophole of release and re-detention. *Kronfeld v. Warden/Chief Patrol Officer*, No. 26-61387, 2026 WL 1649978, at *2 (S.D. Fla. June 8, 2026) (finding a noncumulative approach "would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every six months"); *see also Krechmar v. Parra*, No. 25-cv-01095, 2025 WL 3620802, at *3 (M.D. Fla. Dec. 15, 2025).

*Romero v. Warden, Fla. Soft Side S.*, No. 26-cv-01142, 2026 WL 1251690, at *2 (M.D. Fla. May 7, 2026) ("Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe").

As the Supreme Court has long recognized, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Accordingly, "the executive branch gets a presumptively reasonable six-month runway to do its job, negotiate with foreign governments, and execute a final removal order." *Romero*, 2026 WL 1251690, at *3 (citing *Zadvydas*, 533 U.S. at 701). Since Petitioner remains inside that six-month period, his current detention does not cross the line into the kind of indefinite, arbitrary lockup that the Fifth Amendment forbids. Until that clock actually runs out, the Government retains the constitutional authority to hold Petitioner. *Hidalgo*, 2026 WL 1782082, at *2; *Milot v. Fla. Soft Side S.*, No. 26-cv-01194, 2026 WL 1295880, at *3 (M.D. Fla. May 12, 2026).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Ricardo Luis Villasmil Esparza's Verified Petition for Writ of Habeas Corpus, [ECF No. 1], is **DENIED**.

2. All deadlines are **TERMINATED**, and any pending motions are **DENIED**.

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**